IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | Civil Action No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC. et al; | MDL Case No. 02-20081 |
| JANICE BINION, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, et al. v. WYETH-AYERST PHARMACEUTICALS, INC. et al; | MDL Case No. 02-20122 |
| MARY F. SANDERS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al; | MDL Case No. 02-20121 |
| And BRENDA STALLINGS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al. | MDL Case No. 02-20118 |

**PLAINTIFFS' FIRST AMENDED RESPONSE TO WYETH'S MOTION TO DISMISS CERTAIN PLAINTIFFS**

COME NOW Plaintiffs Janice Binion, et al., Lillian Chandler, et al., Patricia Mosley, Mary F. Sanders, et al., Brenda Stallings, et al., Linda Harmon et al., and Duwanda Robbins, et al., by and through undersigned counsel, pursuant to applicable statute, the Federal Rules of Civil Procedure and the applicable rules of procedure of the judicial panel on multi-district litigation, and file this First Amended Response to

Wyeth's Motion to Dismiss Certain Plaintiffs and state as follows:

## I.      PROCEDURAL HISTORY

1.      The clients on the attached schedule of actions are currently the Plaintiffs in the cases of **Janice Binion, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 4:01CV359LN, pending before the Honorable Tom S. Lee; **Lillian Chandler, et al. v. Wyeth-Ayerst Pharmaceutical, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 4:01CV357LN, pending before the Honorable Tom S. Lee; **Patricia Mosley v. Wyeth-Ayerst Pharmaceutical, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 3:01CV948LN, pending before the Honorable Tom S. Lee; **Mary F. Sanders, et al. v. Wyeth-Ayerst Pharmaceutical, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 4:01CV360LN, pending before the Honorable Tom S. Lee; **Brenda Stallings, et al. v. Wyeth-Ayerst Pharmaceutical, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 4:01CV358LN, pending before the Honorable Tom S. Lee; **Linda Harmon, et ux. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 4:01CV282LN, pending before the Honorable Tom S. Lee; and **Duwanda Robbins, et ux. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.**, in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 4:01CV281LN,

pending before the Honorable Tom S. Lee.  See *"Exhibit A"*.

The ***Harmon, Robbins, Binion, Chandler, Sanders*** and ***Stalling*** cases were initially filed in the Circuit Court of Noxubee County, Mississippi.  The ***Mosley*** case was initially filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi.  Defendants American Home Products Corporation (AHPC) and Wyeth-Ayerst Pharmaceuticals, Inc. (WAPI) removed the cases to the United States District Court for the Southern and Northern Districts of Mississippi.  Subsequently, Plaintiffs filed their motions to remand and to abstain in all cases.  AHPC and WAPI have responded to the motions to remand, and this matter was under consideration by the United States District Court for the Southern District of Mississippi prior to the transfer of these cases to this panel.  Plaintiffs included in their motions to remand and to abstain a request for an emergency hearing which asked the United States District Court to expedite a ruling on the Plaintiffs' motion to remand in light of the conditional transfer to multi-district litigation.  On October 10, 2001 and January 10, 2002, this Court forwarded to all counsel of record its conditional transfer orders (CTO-86 and CTO-80).  Pursuant to the terms of CTO-86 and 80, and Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation, the Plaintiffs timely filed a notice of opposition to conditional transfer order with this panel.  Copies of the Plaintiffs' Motions to Remand were attached to their Motions opposing the transfer orders, and the motions contained arguments related to the remand issues.

2.      Plaintiffs have previously produced substantial authority in support of their remand to state court and submit that the multi-district litigation does not have

jurisdiction over the Plaintiffs' claims.  First, Plaintiffs submit that the removal of this case to federal court was procedurally defective since all of the other served Defendants in the case did not join in AHPC and WAPI's notices of removal. Additionally, no extraordinary circumstances exist which demand that this case be removed to federal court under the All Writs Act in order to protect a federal court judgment.  Plaintiffs contend that they are not bound by the national class settlement and are entitled to assert state law claims for personal injuries since Plaintiffs have either initially opted out of the class settlement or believe they are entitled to exercise back end opt out rights under the terms of the national settlement agreement. Moreover, AHPC and WAPI have not met their burden of demonstrating that Plaintiffs fraudulently joined either the Mississippi pharmacies or the phentermine defendants. Additionally, AHPC and WAPI's removal of the Plaintiffs' claims under 28 U.S.C. § § 1334(b) and (e) is not supported since the Plaintiffs who filed bankruptcy have been discharged in bankruptcy and their bankruptcy cases have long been closed.

3. Plaintiffs have filed a Notice of Renewal of Motion to Remand with this Court, again requesting their Motion to Remand be heard prior to any dispositive rulings are issued relative to these cases.

4. On October 23, 2003, Wyeth served its Motion to Dismiss Certain Plaintiffs on counsel for the Plaintiffs in the above-styled cases.  This motion contains many patently untrue allegations of fact.  For example, Wyeth accuses Plaintiffs' counsel of "routinely ignoring and not returning phone calls".  This could not be further from the truth.  Plaintiffs have maintained numerous telephonic conversations with Wyeth's counsel.  Additionally, Plaintiffs' counsel has worked to submit a proposed

4

discovery scheduling order, submitted to the special master and has invited the instigation of discovery in this case at every opportunity. Plaintiffs' counsel has also taken every effort to promote professionalism and courtesy to opposing counsel in granting extension of time for responses, in timely responding to correspondence, and by complying with discovery requests. Counsel opposite is apparently upset with Plaintiffs' counsel for not being able to obtain the results they desire, for which Plaintiffs' counsel offers no apology.

5. In response to Wyeth's Motion to Dismiss Certain Plaintiffs, Plaintiffs filed a Motion to Stay Wyeth's Motion to Dismiss Certain Plaintiffs, pending this Court's ruling on Plaintiffs' Motions to Remand.

6. The present response, which Plaintiff objects to filing prior to a ruling on its motion to stay, is filed pursuant to the directive of the Special Master's Office that a substantive response to Wyeth's Motion to Dismiss Certain Plaintiffs be filed by a specified date.

## II.   JURISDICTION SHOULD BE DETERMINED BEFORE ANY INVOLUNTARY DISMISSAL IS ORDERED BY THIS COURT.

7. This Court should not dismiss any Plaintiffs or otherwise rule on the merits of any of the Plaintiffs' claims until it first determines whether its subject matter jurisdiction over these cases exists. *See*, **Doleac v. Michalson,** *264 F.3d 470 (5th Cir. 2001)*.

8. From the filing of the Plaintiffs' Motion to Vacate Conditional Transfer Order forward, these Plaintiffs have objected to this Court's jurisdiction over their cases. Plaintiffs subsequently filed their Notice of Renewal of Motion to Remand with this

5

Court, again requesting their motions to remand be heard.

9. The existence of federal subject matter jurisdiction is a constitutional requirement, and can be raised at any time prior to judgement. ***Caterpillar Inc. v. Lewis***, 117 S.Ct. 467 (1996); ***Avitts v. Amaco Production Co.***, 53 F.3d 690 (5th Cir.1995); and ***Township of Whitehall v. Allentown Auto Auction***, 966 F.Supp. 385 (D.C.Pa.1997). In light of this well-established principle, Plaintiffs' find the insistence of the Defendants and of the Special Master's Office, that these Plaintiffs somehow intend to delay these actions, surprising. Not only are these allegations not supported by the facts and procedural history of this case, but these assertions are misplaced. Even if Plaintiffs had never before raised this Court's lack of subject matter jurisdiction, a district court is required to inquire into and determine the nonexistence of diversity of citizenship in a removed case on its own accord. ***Mints v. Educational Testing Serv.***, 99 F.3d 1253 (3rd Cir.1996); ***Housing Auth. Of City of Newark v. Henry***, 334 F.Supp. 490 (3rd Cir.); ***Luquman v. Interbay Fuding, L.L.C.***, 2003 WL 22594228 (E.D.Pa)(Kaufman, J.) and ***Kraner v. Smith Barney***, 80 F.3d 1080 (5th Cir.1996). Accordingly, the purpose for raising these jurisdictional issues is immaterial. Even so, Plaintiffs again insist that they have continued to challenge any and all basis for federal court jurisdiction over these cases since the first instance of removal to the District Courts of Mississippi.

10. The right to request remand of an action to state court when federal subject matter jurisdiction is lacking cannot be waived. ***Caterpillar Inc. v. Lewis***, 117 S.Ct. 467 (1996).

11. This Court must ensure that it has jurisdiction over these cases prior to dismissing the claims of any Plaintiff. *In re Bear River Drainage Dist.*, 267 F.2d 849 (10th Cir.1959). A district court should not rule on other pending motions until it has determined it has jurisdiction. *Nichols v. Southeast Health Plan of Alabama, Inc., 859 F.Supp. 553 (D.C.Ala.1993)*.

12. Since none of the Plaintiffs have voluntarily dismissed their claims, this Court should make a jurisdictional determination prior to ruling on any other motions.

13. Wyeth has requested this Court to "direct" these Plaintiffs to dismiss their claims instead of asking the Court to make a ruling. Plaintiffs suggest this is inappropriate inasmuch as they maintain they have asserted valid causes of action against Wyeth and all other defendants.

14. Jurisdictional issues are based upon the status of the Plaintiffs' Complaint, the legal issues, and the facts at the time of removal. *See e.g. Federal Savings & Loan Ins. Corp. V. Griffen*, 935 F.2d 691, 696 (5th Cir.1991). At the time of the filing of the Defendants' Notice of Removal, Plaintiffs had stated valid claims against the non-diverse defendants in this action. As such, this Court lacks jurisdiction over these claims.

### III. PLAINTIFFS CLAIMS ARE NOT GOVERNED BY THE SETTLEMENT AGREEMENT AND SHOULD NOT BE DISMISSED.

#### A. *THE PLAINTIFFS HAVE SUCCESSFULLY OPTED OUT OF THE SETTLEMENT AGREEMENT.*

15. It is undisputed that some of the Plaintiffs have successfully opted out of the settlement. As such, their claims should not bound by the terms of said agreement.

The dispute before this Court is which Plaintiffs have successfully opted out and which have not. Plaintiffs have produced echocardiogram and other evidence to support their claims. This evidence speaks for itself concerning the status of each Plaintiff. Plaintiffs deny that they have not complied with the procedural requirements for effecting their opt-out rights.

16. Further, it is not the responsibility of these Plaintiffs to demonstrate to the Court the exclusionary effects of the settlement agreement on these Plaintiffs, especially when they have made numerous allegations that are not within the scope of the settlement agreement. It is the burden of the defendants to satisfy this Court that it has jurisdiction over these claims, that the settlement agreement applies to these plaintiffs, and that any number of these Plaintiffs do not qualify for benefits under the settlement agreement. As Plaintiffs have clearly plead, however, they contest each of these issues.

**B. SOME OF THE PLAINTIFFS' CLAIMS ARE OUTSIDE THE SCOPE OF THE SETTLEMENT AGREEMENT.**

17. The Plaintiffs' claims, as stated in their state court complaint, are broader than the scope of the settlement agreement. Plaintiffs, for example, have accused these Defendants of fraud, conspiracy to commit fraud, ongoing acts of fraud, and negligent inducement and misrepresentation, claims that are not covered by the settlement agreement. *See Plaintiffs' Complaints at Counts VI and VII.* Likewise, the settlement agreement does not cover all of the allegations against AHP made in the Plaintiffs' state court complaints. The settlement claims to release all claims against AHP for its own acts of fraud in relation to the manufacture, distribution, and sale of

these drugs, but is silent as to AHP's liability for furthering the fraudulent activities of the phentermine and pharmaceutical defendants. Claims against the phentermine and pharmaceutical defendants are specifically not released under the settlement. *See Nationwide Class Action Settlement Agreement With American Home Products Corporation (As Amended) at pp. 11-12.* When Wyeth took actions in furtherance of the fraudulent actions of the phentermine and pharmaceutical defendants, actions that are outside the scope of the settlement agreement, it became jointly and severally liable for those actions. As such, the claims against Wyeth pertaining to such fraud, misrepresentation and conspiracy should not be dismissed.

**IV.    THE DEFENDANTS HAVE NOT MET THEIR BURDEN OF PROVING ANY OF THESE PLAINTIFFS HAVE SETTLED THEIR CLAIMS.**

18.    The Defendants have asked this Court, prior to formal discovery, to dismiss the claims of Robert Fulton McDaniel (Binion), Anthony Earl Sykes (Binion), Lillian Chandler (Chandler), Felicia Edwards (Harmon), Donna Murphy (Harmon), and Johnny Earl Clark (Stallings) because they have allegedly settled their claims.

19.    Any Plaintiff that has been proven to have previously settled a claim should be dismissed. Once again, however, this is the responsibility of the defendants to demonstrate that these Plaintiffs have settled their claims. This is especially true given the fact that Wyeth has still not provided the Plaintiffs' counsel with all of evidence they allege supports these settlements.[1]

20.    Additionally, there are significant problems with the allegations made by

---

[1] Wyeth filed its motion with several exhibits, one of which, Exhibit I, allegedly contains dismissal documents "filed under seal", but Plaintiffs have yet to receive a copy of this information. *See Wyeth's Motion to Dismiss Certain Plaintiffs at 5.*

9

the Defendants in their Motion to Dismiss regarding the individuals alleged to have settled their claims. Attached as **Exhibits "B"**, **"C"**, and **"D"** are the affidavits of Donna Murphy, Felicia Edwards, and Robert Fulton McDaniel, Jr., which contain information refuting the Defendants' contention that these individuals have settled or otherwise released their claims against the Defendants. These Plaintiffs have testified that the Defendants have mistaken them for other individuals. This inaccuracy raises serious questions concerning the veracity of the facts upon which the Defendants ask this Court to rely when considering the dismissal of these Plaintiffs.

21. The Defendants have asked this Court to dismiss the claims of Beverly Fleming (Mosley), Velma Bell (Harper), Arma Harper (Mosley), Valenta Allen-Williams (Mosley), and Edward McArthur, who have allegedly, "settled their claims by exercising the Accelerated Implementation Option ("AIO") under the Settlement Agreement." The Court should view these allegations with suspicion as the Defendants have presented no evidence to verify the identities of these individuals.

22. This Court should refrain from determining eligibility issues regarding these opt-out plaintiffs because, due to the questionable issues of fact that form the basis for the Defendants' claims, this issue is best left to the opt-out court for determination, after a full hearing on each individual claim.

**V.     THE COURT SHOULD REFRAIN FROM DETERMINING ELIGIBILITY ISSUES IN OPT OUT CASES PENDING IN FEDERAL DISTRICT COURTS.**

23. Attached as **Exhibit "E"** is a copy of this Court's ruling in Memorandum and Pretrial Order No. 2654. In said ruling, the Court stated, "...it is for the opt-out court to work out when and how the opt-out issues are to be determined and what type of

hearing, fact-finding, or other procedure is appropriate, consistent with fairness and local law." The rationale for this was explained by the Court, "So much depends on the particulars of an individual case that it is not surprising that the Settlement Agreement requires any opt-out "challenge" by a Released Party, and that includes any challenge to procedure or scheduling, to be decided "in such lawsuit only." Based upon the ruling in Pretrial Order No. 2654, this Court should allow determinations regarding opt-out eligibility to the opt out Courts. This is especially true because the basis of the Defendants' challenges to the validity of these opt outs is bases upon more complicated issues such as the veracity of these Plaintiffs' echocardiographic examinations.

**VI.    THE PLAINTIFFS HAVE NOT FAILED TO COMPLY WITH PTO 2930.**

24.    According to the Defendants, the Plaintiffs have "failed on a grand scale to comply with this Court's Order." *See Wyeth's Memorandum in Support of Its Motion to Dismiss Certain Plaintiffs at p. 24.* The Defendants are alleging that the Plaintiffs have not provided lists of medical providers and executed medical authorizations pursuant to PTO 2030. These allegations are simply incorrect. As demonstrated by the correspondences attached as **Exhibit "F"**, the Plaintiffs have been complying with these requests all along. The Defendants' contentions are contradicted by the fact that they have been requesting and receiving medical records from Record Trax utilizing the very medical authorizations they claim not to have received.

What the facts indicate, on the other hand, must be a failure of Wyeths' counsel, "on a grand scale," to communicate with co-counsel regarding these matters. It appears to the Plaintiffs that they have been providing the requested information all

along, but that the Defendants' counsel have not properly communicted with each other.  Plaintiffs always have been and remain willing to work with the Defendants in this regard, and have not intentionally violated any order of this Court.

WHEREFORE, PREMISES CONSIDERED, this Court should stay hearing Wyeth's Motion to Dismiss Certain Plaintiffs until such time as this Court concludes its consideration and determination of the merits of the Plaintiffs' motions to remand.  In the alternative, Plaintiffs request this Court deny Wyeth's Motion, order discovery to continue,  and proceed with the jurisdictional determinations of this case.

RESPECTFULLY SUBMITTED this the _____ day of February, 2004.

JANICE BINION, ET AL., LILLIAN CHANDLER, ET AL., PATRICIA MOSLEY, ET AL., MARY F. SANDERS, BRENDA STALLINGS ET AL., LINDA HARMON ET AL., AND DUWANDA ROBBINS ET AL.

By:_____
THOMAS Y. PAGE
H. GRAY LAIRD, III
BRIAN A. CLARK

OF COUNSEL:

Thomas Y. Page (MSB 3985)
H. Gray Laird, III (MSB 8979)
Brian A. Clark (MSB 100736)
PAGE, KRUGER & HOLLAND, P.A.
775 Woodlands Parkway, Suite 100
Ridgeland, Mississippi  39157

(Mailing Address)
Post Office Box 1163
Jackson, Mississippi  39215-1163
(601) 991-2999
(601) 991-2991 (facsimile)

Wilbur O. Colom (MSB 6403)

THE COLOM LAW FIRM
406 Third Avenue North
Post Office Box 866
Columbus, Mississippi 39703
(662) 327-0903
(662) 329-4832 (facsimile)

### CERTIFICATE OF SERVICE

This is to certify that I have this day mailed a true and correct copy of the above and foregoing document, postage prepaid, by means of United States Mail to the following counsel of record:

Neville H. Boschert
Watkins, Ludlam, Winter & Stennis
Post Office Box 427
Jackson, Mississippi 39205

Sheila M. Bossier
Forman, Perry, Watkins, Krutz & Tardy
Post Office Box 22608
Jackson, Mississippi 39225

Luke Dove
Dove & Chill
4266 I-55 North, Suite 108
Jackson, Mississippi 39211

William M. Gage
Butler, Snow, O'Mara, Stevens
    & Cannada
Post Office Box 22567
Jackson, Mississippi 39225-2567

James B. Galloway
Butler, Snow, O'Mara, Stevens
    & Cannada

Post Office Drawer 4248
Gulfport, Mississippi 39502

Richard D. Gamblin
Wise, Carter, Child & Caraway
Post Office Box 651
Jackson, Mississippi 39205

Nina M. Gussack
Pepper, Hamilton, LLP
18th & Arch Street
3000 Two Logan Square
Philadelphia, Pennsylvania 19103

Patrick N. Harkins, III
Watkins & Eager
Post Office Box 650
Jackson, Mississippi 39205

Arnold Levin
Levin, Fishbein, Sedran & Berman

510 Walnut Street, Suite 500  
Philadelphia, Pennsylvania 19106

Edward W. Madeira, Jr.  
Pepper, Hamilton, LLP  
3000 Two Logan Square  
18th & Arch Street  
Philadelphia, Pennsylvania 19103

Wayne R. Maldonado  
Ungarino & Eckert  
3850 North Causeway Boulevard  
Suite 1280, Lakeway Two  
Metairie, Louisiana 70002

Kenna L. Mansfield, Jr.  
Wells, Marble & Hurst  
Post Office Box 131  
Jackson, Mississippi 39205

Ronald G. Peresich  
Page, Mannino, Peresich & McDermott  
Post Office Drawer 289  
Biloxi, Mississippi 39533

Peter L. Resnik  
McDermott, Will & Emery, P.C.  
28 State Street  
Boston, Massachusetts 02109

Michael V. Cory, Jr.  
Steen, Reynolds & Dalehite  
Post Office Box 900  
Jackson, Mississippi 39205

Michael T. Scott  
Reed Smith, LLP  
2500 One Liberty Place  
1650 Market Street  
Philadelphia, Pennsylvania 19103

J. Stewart Tharp  
Taylor, Porter, Brooks & Phillips  
Post Office Box 2471  
Baton Rouge, Louisiana 70821

Edward S. Weltman  
Goodwin Procter, LLP  
599 Lexington Avenue  
New York, New York 10022

W. L. Wilson  
Taylor, Porter, Brooks & Phillips  
Post Office Box 2471  
Baton Rouge, Louisiana 70821

Ann M. Asiano  
Bradley, Asiano & Curley  
4 Embarcadero Center, 10th Floor  
San Francisco, California 94111

James E. Betke  
McDermott, Will & Emergy  
227 West Monroe Street  
Chicago, Illinois 60606

Raymond B. Biagini  
McKenna & Cueno, L.L.P.  
1900 K Street, N.W., Suite 100  
Washington, DC 20006

Hugh Campbell
Seatrace Pharmaceuticals, Inc.
Post Office Box 363
Gadsden, Alabama 35203

Bruce M. Chadwick
Arnold & Porter
555 12th Street, N.W.
Washington, DC 20004

Gary B. Cutler
Margolis & Edelstein
601 Walnut Street, 4th Floor
Philadelphia, Pennsylvania 19106

George A. Joseph
Kirkland & Ellis
200 East Randolph Drive, Suite 6100
Chicago, Illinois 60601

Charles F. Preuss
Preuss, Walker & Shanagher
225 Bush Street, 15th Floor
San Francisco, California 94104

Jonathan I. Price
Schneck, Weltman & Hashmall
1285 Avenue of the Americas
New York, New York 10019

Joseph P. Thomas
Benesch, Friedlander, Coplan & Aronoff
2800 Cincinnati Commerce Center
600 Vine Street
Cincinnati, Ohio 45202

Alan M. Winchester
Lester, Schwab, Katz & Dwyer
120 Broadway
New York, New York 10271

Frank C. Woodside, III
Dinsmore & Shohl
1900 Chemed Center
225 East Fifth Street
Cincinnati, Ohio 45202

Alan Klein
Hangley, Aronchick, Segal & Pudln
One Logan Square
12th Floor
Philadelphia, Pennsylvania 19103

Peter Zimroth
Arnold & Porter
399 Park Avenue
New York, New York 10022

Lloyd E. Williams, Jr.
Williams & Montgomery, Ltd.
20 North Wacker Drive
Suite 2100
Chicago, Illinois 60606

Daniel S. Pariser
Arnold & Porter
555 Twelfth Street, N.W.
Washington, DC 20004

    This the _____ day of February, 2004.

_____
Brain A. Clark