THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL NO. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | ) ) ) ) | CIVIL ACTION NO. 99-20593 |
| This document relates to: | ) ) | |
| JANICE BINION, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | ) ) ) ) | CIVIL ACTION NO. 02-20119 |

## MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO.

Bartle, C.J.                                      September 10, 2009

In or around August 2001, a group of plaintiffs, including Anthony Earl Sykes, brought seven separate suits in Mississippi state court for injuries allegedly sustained as a result of taking Pondimin® and/or Redux™, drugs manufactured and distributed by the defendant, Wyeth.[1]  Wyeth removed these actions to the United States District Court for the Southern District of Mississippi, and the Judicial Panel on Multidistrict Litigation subsequently transferred them to this court as part of the Diet Drug Multidistrict Litigation, that is MDL 1203, for coordinated or consolidated pretrial proceedings.  See 28 U.S.C. § 1407.  The law of Mississippi, that is the transferor

_____

1.  Prior to March 11, 2002, Wyeth was known as American Home Products Corporation ("AHP").

jurisdiction, governs this case.  17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.07 (3d ed. 1997 & Supp. 2007).

Wyeth originally moved to dismiss the claims of Sykes as barred by the terms of a "Confidential Release, Indemnity and Assignment" entered into by AHP and Sykes.  In Pretrial Order No. 7738 dated March 18, 2008, we converted the motion of Wyeth to dismiss to a motion for summary judgment in light of its reliance on materials outside of the pleadings.  Sykes was granted thirty days to submit materials in response to Wyeth's motion.  No response was filed.

I.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is material when it "might affect the outcome of the suit under the governing law." Id.  After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357

(3d Cir. 2004).

II.

On November 21, 2000, Sykes and AHP entered into a "Confidential Release, Indemnity and Assignment," under which he released AHP, Wyeth-Ayerst Laboratories Division, Wyeth-Ayerst Laboratories Co., Wyeth-Ayerst Pharmaceuticals Inc., and the American Cyanamid Corporation, among others, from:

> any and all claims, including assigned
> claims, whether known or unknown, asserted or
> unasserted, regardless of the legal theory,
> existing now or arising in the future,
> arising out of or relating to, the purchase,
> use, manufacture, sale, dispensing,
> distribution, promotion, marketing, clinical
> investigation, administration, regulatory
> approval, prescription, ingestion, and/or
> labeling of Pondimin and/or Redux[.]

All claims for personal injury and/or bodily injury, compensatory damages, and punitive damages were also released.

The state court complaint filed on behalf of Sykes seeks compensatory and punitive damages based on claims of strict product liability, failure to warn, breach of warranty of merchantability, negligence, wantonness, fraud, misrepresentation and suppression, and conspiracy relating to his purported use of Pondimin® and/or Redux™.

It is well-settled that the "law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." Hastings v. Guillot, 825 So.2d

-3-

20, 24 (Miss. 2002) (citing <u>First Nat'l Bank of Vicksburg v. Caruthers</u>, 443 So.2d 861, 864 (Miss. 1983); <u>Weatherford v. Martin</u>, 418 So.2d 777, 778 (Miss. 1982)).  Unless Mr. Sykes can show that the release should not be enforced, its terms expressly bar his claims for personal injury arising from his ingestion of diet drugs.  Despite an opportunity to refute that the parties reached a settlement or that the agreement bars the current action, Mr. Sykes has not responded to Wyeth's evidence that his claims are barred.

### III.

Accordingly, we will enter an Order granting the motion of Wyeth for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/ )
FENFLURAMINE/DEXFENFLURAMINE) )    MDL NO. 1203
PRODUCTS LIABILITY LITIGATION   )
_____ )
                                )
SHEILA BROWN, et al. v. AMERICAN )   CIVIL ACTION NO. 99-20593
HOME PRODUCTS CORPORATION       )
                                )
This document relates to:       )
                                )
JANICE BINION, et al. v. WYETH- )   CIVIL ACTION NO. 02-20119
AYERST PHARMACEUTICALS, INC., et )
al.;                            )
                                )

**PRETRIAL ORDER NO.**

        AND NOW, this 10th day of September, 2009, for the

reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that:

        (1)  the motion of Wyeth for summary judgment as to the

             claims of Anthony Earl Sykes is GRANTED; and

        (2)  judgment is entered in favor of defendant, Wyeth,

             and against the plaintiff, Anthony Earl Sykes.


                              BY THE COURT:


                              /s/ Harvey Bartle III
                                              C.J.